IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAY BLEDSOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-CV-0045-WDS |
| | ) | No. 07-CR-40021-WDS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Ray Bledsoe's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255 (Doc. 1), the government's response (Doc. 6), and petitioner's reply (Doc. 7). Petitioner principally challenges the determination that he was a career offender at his sentencing in 2007, and his attorney's failure to object to that career-offender status at his subsequent revocation proceedings in 2012.

### BACKGROUND

One evening, while petitioner Ray Bledsoe was an inmate at the Federal Prison Camp in Marion, Illinois, he snuck away for a tryst with his girlfriend. Staff at the prison discovered he was missing and put out a search. He was spotted the next day several miles from the prison, and a local Sheriff's deputy took him into custody. Petitioner pleaded guilty to escaping from a federal prison camp in violation of 18 U.S.C. § 751(a). Under the Sentencing Guidelines, petitioner's base offense level was 13. However, he had a prior felony conviction for attempted first-degree burglary and another for possession with intent to distribute cocaine base. Those, with the new escape conviction, made him a career offender under U.S.S.G. § 4B1.1. That raised his offense level to 17. It was reduced to 14 for ac-

cepance of responsibility. Petitioner's career-offender status also raised his criminal-history category from V to VI. He was sentenced on August 13, 2007, to 38 months in prison, to run consecutively to his previous term,[1] and given three years of supervised release (Doc. 21, No. 07-CR-40021). Petitioner did not appeal.

Petitioner was later released on supervision, but he violated the terms of his release by, among other things, drug trafficking. His advisory guidelines range was 33–41 months, with a statutory maximum of 24 months. On July 2, 2012, this Court sentenced him to 18 months in prison, to run consecutively to his previous term (Docs. 39, 41, No. 07-CR-40021). Petitioner again did not appeal.

On January 14, 2013, petitioner filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He brings two claims, but the Court would divide them into roughly four, as follows: (1) that he was wrongly sentenced as a career offender in 2007 because his escape offense was not a "crime of violence" under U.S.S.G. § 4B1.1; (2) that his attorney at the 2007 sentencing rendered ineffective assistance by not objecting to the career-offender status or filing a § 2255 motion, and by not moving for a reduction in petitioner's offense level based on U.S.S.G. § 2P1.1; and (3) that petitioner's attorney at the 2012 revocation proceedings rendered ineffective assistance for substantially the same reasons as the previous attorney, e.g., for not objecting to the career-offender status and not moving for a reduction based on § 2P1.1.

## DISCUSSION

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993); *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). A federal prisoner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

---

[1] He had been sentenced previously in the U.S. District Court for the Eastern District of Missouri, Case No. 98-CR-40077.

pose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A motion under § 2255 is not a substitute for direct appeal. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal, and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Id.*

Ineffective-assistance-of-counsel claims, however, are generally raised on collateral review, even if the prisoner could have made the claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish ineffective assistance of counsel, the prisoner must show both that his counsel's performance was deficient and that it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Swanson v. United States*, 692 F.3d 708, 714 (7th Cir. 2012). A court's review of an attorney's performance is highly deferential. *Kimmelman v. Morrison*, 477 U.S. 465, 381 (1986). Therefore, the prisoner bears a heavy burden in showing that his counsel was ineffective. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). The proper standard of counsel's performance is that of "reasonably effective assistance," which means the prisoner, to prevail, must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. To show prejudice, the prisoner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

## ANALYSIS

Regarding his sentencing in 2007, petitioner argues that he was wrongly sentenced as a career offender because his escape from the prison camp would no longer be considered a "crime of violence" under U.S.S.G. § 4B1.1. He points to the Supreme Court's deci-

sions in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). (The latter held that the crime of "failure to report" in Illinois is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Chambers*, 555 U.S. at 130.) Petitioner further claims that his attorney was ineffective for not objecting to the career-offender status at his sentencing, filing an appeal, or bringing a § 2255 motion. Moreover, he says his attorney should have moved for a reduction in petitioner's offense level based on U.S.S.G. § 2P1.1.[2] Petitioner does not say why he did not raise these issues on appeal or whether he even discussed the possibility of an appeal with his attorney. In any event, the government concludes that these claims are untimely, and the Court agrees.

Generally, a motion under § 2255 is subject to a one-year period of limitation, which begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not appeal, his conviction becomes final when the time for filing an appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). In 2007, a defendant had 10 days to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A) (2007) (repealed 2009). After the original judgment was entered here, on August 13, 2007, petitioner had 10 days, until August 23, 2007, to appeal. His conviction was final on that date. He then had one year, until August 23, 2008, to file his § 2255 motion. He did not do so until January 14, 2013. Therefore, petitioner's claim that his attorney should have moved for a reduction based on § 2P1.1 is untimely.

As to the other claims, a new one-year period can commence on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Under that rule, the operative date is when the right was *initially recognized* by the Supreme Court, not when the right was made retroac-

---

[2] If the defendant is assessed a base offense level of 13 for an escape offense, § 2P1.1(b)(2) allows a 7-level reduction if the defendant returned voluntarily within 96 hours. However, petitioner's status as a career offender precluded an adjustment based on § 2P1.1, *see United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998), which petitioner's attorney noted at sentencing (Doc. 44, p. 4, 07-CR-40021).

4

tively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Petitioner's claims regarding his career-offender status rely on the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). The later of those decisions, *Chambers*, was issued on January 13, 2009. So, at the latest, petitioner had until January 13, 2010, to file a § 2255 motion. Since he did not file this motion until 2013, these claims are also untimely.

Petitioner makes essentially the same arguments as above regarding his 2012 revocation sentencing. He believes his attorney rendered ineffective assistance for not objecting to or appealing his career-offender status, and for not moving for a sentence reduction based on U.S.S.G. § 2P1.1.

Both arguments are fundamentally attacks on petitioner's 2007 sentence. Petitioner's attorney could not have raised them at the revocation sentencing in 2012 or on appeal from it. The "proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding." *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007); *accord United States v. Thomas*, 934 F.2d 840, 846 (7th Cir. 1991). And the Court could not have reconsidered those arguments because it did not have jurisdiction to alter the sentence it had previously imposed. *See United States v. Lawrence*, 535 F.3d 631, 636 (7th Cir. 2008); *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) ("A district judge … cannot change the sentence he did impose even if the sentence was erroneous."). Petitioner's attorney's performance, therefore, was not deficient, and these claims must be denied.

And they must be denied for the additional reason that petitioner cannot show that any alleged deficiency prejudiced him. To the extent that petitioner discusses prejudice, he mainly addresses his 2007 sentencing.[3] Yet at the 2012 revocation sentencing, petitioner's status as a career offender only increased his advisory-range calculation by about 3

---

[3] He notes that the career-offender status raised his offense level from 13 to 17.

months, from 30–37 months to 33–41 months. And that small increase had no effect anyway because petitioner received a sentence of only 18 months.[4] Thus, he was not prejudiced by his career-offender status.

Petitioner tries to show prejudice by saying his being a career offender carries automatic enhancement provisions and that it limits the rehabilitation programs he can participate in. He also seems to suggest that the Court took his status as a career offender into consideration when it imposed the below-maximum 18-month sentence. Besides being vague, those assertions do not represent the kind of prejudice that justifies relief under § 2255. "[N]ot every error is corrigible in a postconviction proceeding, even if the error is not harmless." *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) (noting that even an erroneous above-guidelines sentence cannot be corrected in a postconviction proceeding when the sentence is below the statutory maximum).

As a final matter, petitioner suggests that he can bring his claims as a petition under 28 U.S.C. § 2241 instead, if § 2255 is found to be "inadequate or ineffective to test the legality of his detention," *see* § 2255(e). He urges the Court to apply the proper vehicle, either § 2241 or § 2255, in this case. A petition under § 2241 can only be brought in the judicial district of the prisoner's confinement, however, *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004); *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007), and petitioner is not confined in this district; he is an inmate in the Beaumont Federal Correctional Complex in Beaumont, Texas. This Court may not construe petitioner's motion as a § 2241 petition.

### CERTIFICATE OF APPEALABILITY

Should a petitioner wish to appeal the dismissal of his § 2255 motion, he must secure a certificate of appealability from either the district court or the court of appeals. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate may issue only upon "a sub-

---

[4] There was also a 24-month statutory maximum.

stantial showing of the denial of a constitutional right," § 2253(c)(2), which means the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, when the district court has denied the motion on procedural grounds, the petitioner must *also* show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner's claims regarding his sentencing in 2007 are denied on the procedural ground that they are untimely, which the Court does not believe is subject to reasonable dispute. Regarding the 2012 revocation sentencing, the Court does not believe reasonable jurists would find the Court's denial of petitioner's ineffective-assistance-of-counsel claims debatable either. Accordingly, petitioner is unable to make a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability. If petitioner wishes to appeal this order, he may request that a circuit judge issue the certificate. *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the reasons detailed above, the Court has determined that petitioner does not state any grounds for relief. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: **November 4, 2013**

/s/ WILLIAM D. STIEHL
DISTRICT JUDGE